# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMBALLA JEWELS ApS, <br><br> Plaintiff, <br><br> v. <br><br> NIALAYA JEWELRY, INC., and JANNIK OLANDER <br><br> Defendants. | Case No. CV10-7568-AHM (MANx) <br><br> **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Stipulated Protective Order ("Stipulation") filed on February 9, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action), except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 2, 7, 8, 12, 13(c), 15, 16, 17, 18, 21, 22, 23, and 26 of the Stipulation.

     The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorneys' Eyes Only,"

or other designation(s) used by parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or other designation(s) used by parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or other designation(s) used by parties, does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be

filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE A. HOWARD MATZ, UNITED STATES DISTRICT JUDGE, WITH RESPECT TO PROTECTIVE ORDERS AND TREATMENT OF CONFIDENTIAL INFORMATION.**

## TERMS OF PROTECTIVE ORDER

1. This Protective Order shall apply to all information produced during discovery and settlement negotiations in this action that shall be designated by the party or person producing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (collectively "Confidential Information"). This Protective Order shall not apply to information that, before disclosure, **was** properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legally acquired from a source not subject to this Protective Order.

2. If an exhibit, pleading, interrogatory answer, or admission (collectively "discovery response"), document or thing, or a deposition transcript, or declaration or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony

shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, by the party contending there is Confidential Information therein.

3. In connection with an exhibit, pleading, discovery response, document, or thing, testimony, or other **pretrial** court submission, the legend "Confidential" or "Highly Confidential – Attorneys Eyes' Only" shall be affixed to each page before the production or service upon a party. With respect to documents or things produced by a party, the party shall also include a production number on each page to identify that the Confidential Information has been so marked for purposes of this action only. The designation and classification of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" will be deemed effective to bring the information under the protections of this Protective Order.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential, proprietary, or other information that may be reviewed by the receiving party, technical experts, and other party representatives, but must be protected against disclosure to third parties or to the general public. A document may be designated "Highly Confidential – Attorneys' Eyes Only" only when it contains highly sensitive information, not publicly available or readily ascertained through public means, that if disclosed would put the producing party at a competitive disadvantage, including without limitation the following: financial information; cost information; design drawings; pricing and sales information; customer lists; licenses; supplier and vendor information; technical and developmental information about a party's products; business plans; marketing strategy; new product plans and competitive strategies; and trade secrets, as that term is defined in California Civil code § 3426.1, which is incorporated herein by this reference.

5. All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business purpose, proceeding, litigation, or other purpose whatsoever. Further such information may not be disclosed to anyone except as provided in this

Protective Order.  Counsel for a party may give advice and opinions to their client based on evaluation of information produced by the other party and designated as "Highly Confidential – Attorneys' Eyes Only" provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. Except as otherwise agreed in writing, all documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Highly Confidential – Attorneys' Eyes Only."  If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" only if labeled or marked in conformity with paragraph 3, with access and dissemination limited as set forth herein.

7. Information disclosed at a deposition may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated, by page and line reference or by providing a highlighted copy of the transcript of testimony.  Unless otherwise agreed on the record of the deposition, all transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 10-14 to review documents or materials designated "Highly Confidential – Attorneys' Eyes Only" on behalf of that non-designating party.

8. **a.** The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; the applicable Federal Rules, local rules (including Local Rule 79-5) and other applicable Federal or State statutory law and rules shall be followed in the event a party seeks permission from the Court to file material under seal or otherwise restrict non-party access to **such filing(s)**.

**b.  All Court orders will be presumptively available to the public. Therefore, if a party is permitted by the Court to file evidence designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential.  This will enable the Court, in drafting orders, to determine whether there is evidence the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.**

9. As used in this Protective Order, "Counsel of Record" refers exclusively to the following:

    a. For Shamballa:  The attorneys, paralegals, agents, and support staff of Nixon Peabody LLP;

    b. For Defendants:  The attorneys, paralegals, agents and support staff of Martensen Wright PC.

10. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court **and its personnel**, to Counsel of Record for Shamballa and Defendants, and to the persons designated below:

    a. officers, directors, or designated employees, or attorneys of a party deemed necessary by Counsel of Record to aid in the prosecution, defense, or settlement of this action, subject to the conditions set forth in Paragraph 12 below;

    b. independent experts or consultants (together with their clerical staff) retained by such Counsel of Record to assist in the prosecution, defense, or settlement of this action, subject to the conditions set forth in Paragraph 13 below;

    c. court reporter(s) employed in this action;

      d.     agents of Counsel of Record needed to perform various services such as, for example, copying of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

      e.     any individual who was the author or an authorized recipient of a document, regardless of its designation; and

      f.     any other persons as to whom the parties in writing agree.

11. Material designated as "Highly Confidential – Attorneys' Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court **and its personnel**, to Counsel of Record for Shamballa and Defendants, and to the persons designated below:

      a.     independent experts or consultants (together with their clerical staff) retained by such Counsel of Record to assist in the prosecution, defense, or settlement of this action, subject to the conditions set forth in Paragraph 13 below.

      b.     court reporter(s) employed in this action;

      c.     agents of Counsel of Record needed to perform various services such as, for example, copying of exhibits, and support and management services, including vendors retained by the parties, or by counsel for the parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product,

    all of which may contain material designated "Highly Confidential – Attorneys' Eyes Only";

  d. any individual who was the author or an authorized recipient of a document, regardless of its designation; and

  e. any other persons as to whom the parties in writing agree.

  Notwithstanding paragraphs 10 and 11 above, nothing contained in this Protective Order shall preclude a producing party from disclosing or using its own Confidential Information in any manner it sees fit, or from revealing such Confidential Information to whomever it chooses, without the prior consent of any other party or of this Court.

  12. Any officer, director, or designated employee of any party under paragraph 10(a) having access to Confidential Information shall be given a copy of this Protective Order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney.  Each **such** person **under paragraph 10(a)**, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this Protective Order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto.

  13. For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.  The procedure for having an independent expert or consultant approved for access to information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be as follows:

a. The party seeking to have an independent expert or consultant, as defined in paragraph 13, approved shall provide the producing party with:

    (1) The name of the person;

    (2) The present employer and title of the person;

    (3) An up-to-date curriculum vitae; and

    (4) A written acknowledgment in the form of Exhibit A attached hereto, signed by the person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

b. Within five (5) calendar days after delivery of a copy of the information and the written acknowledgment described in Paragraph 13(a), the producing party may object to the person proposed for approval upon a reasonable basis. Failure to object within five (5) calendar days to the person proposed shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If objection is made, the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information shall not be disclosed to the designated person except by order of the Court, agreement by the parties or failure to file a timely motion pursuant to paragraph 13(c).

c. If the parties are unable to reach agreement over the disclosure of material and information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the designated person, the producing party shall request by motion that the Court issue an order precluding the disclosure of such material and information to

1  the designated person.  Barring exigent circumstances, any such
2  motion will be made in strict compliance with Local Rules 37-1 and
3  37-2.  If the producing party files a motion with the Court for an
4  appropriate order, the "Confidential" or "Highly Confidential –
5  Attorneys' Eyes Only" Information may not be disclosed to the
6  designated person unless and until the Court denies the producing
7  party's motion.  These time periods are not to restrict either party
8  from moving for a Court order earlier if the circumstances so
9  require, but such expedited request must be made pursuant to the
10  Local Rules of this district.  Since the producing party contends that
11  the information in question should not be disclosed publicly, at a
12  minimum, the parties shall **seek to** file the **"Confidential" or**
13  **"Highly Confidential – Attorneys' Eyes Only" portions of, or**
14  **exhibits to, the** Joint Stipulation required by the Local Rules of this
15  district under seal.  The parties may file a stipulation to that effect
16  or the moving party may file an *ex parte* application making the
17  appropriate request.  The parties shall **comply with the**
18  **requirements of Local Rule 79-5 and shall** set forth good cause**,**
19  **supported by competent evidence,** in the stipulation or *ex parte*
20  application as to why the Joint Stipulation or portions thereof
21  should be filed under seal.
22  d.  It is understood and agreed that if, pursuant to this Protective Order,
23  a party identifies a person as an expert, no other party shall contact
24  the expert nor subject the expert to discovery to inquire into matters
25  arising within the expert's consultation with the designating party,
26  except as provided by Federal Rule of Civil Procedure 26(b)(4) or
27  by order of the Court.
28

**PROTECTIVE ORDER; CV 10-7568 – AHM (MANx)**   10

14. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or non-party of any information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the parties and any producing non-party shall first try to resolve such disagreement in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an order modifying the designated status of such information. Any such motion will be made in strict compliance with Local Rules 37-1 and 37-2. The designating party bears the burden of establishing the confidentiality of the information at issue in the dispute. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the challenged designation. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction may submit the issue to the Court for review pursuant to the Local Rules of this district.

15. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or transcripts of testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of

Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein.  The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.  In the event of any dispute as to the designation pursuant to this paragraph**, such dispute** shall be resolved in accordance with paragraph 14.

16. Documents and things produced or made available for inspection may be subject to redaction, in good faith**,** by the producing party, of sensitive material that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, is **protected by** the attorney-client privilege, **the attorney** work-product **doctrine,** or by a third party's privacy rights.  Each such redaction, regardless of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

17. If information subject to a claim of attorney-client privilege or **covered by the attorney** work-product **doctrine** is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim.  If a party has inadvertently produced information subject to a claim of privilege **or entitled to protection from disclosure as attorney work-product**, upon request, such information shall be returned promptly and, if **it is** a document, all copies of that document shall be destroyed.  The party returning such information may move the Court for an order pursuant to Local Rules 37-1 and 37-2, compelling production

1 of such information, but the motion shall not assert as a ground for production the fact
2 that the information was inadvertently produced.

3     18.    It is not the intention of this Protective Order to fully address discovery
4 objections to produce, answer, or respond on the grounds of attorney-client privilege or
5 **that the attorney** work-product **doctrine applies**, nor to preclude either party from
6 seeking further relief or protective orders from the Court as may be appropriate under
7 the Federal Rules of Civil Procedure.

8     19.    Neither the taking or the failure to take any action to enforce the
9 provisions of this **Protective** Order, nor the failure to object to any designation or any
10 such action or omission, shall constitute a waiver of any signatory's right to seek and
11 obtain protection or relief, with respect to any claim or defense in this action or any
12 other action including, but not limited to, the claim or defense that any information is
13 or is not proprietary to any party, is or is not entitled to particular protection or that
14 such information embodies trade secret or other confidential information of any party.
15 The procedures set forth herein shall not affect the rights of the parties to object to
16 discovery, nor shall it relieve a party of the necessity of proper responses to discovery
17 requests.

18     20.    This **Protective** Order shall not abrogate or diminish any contractual,
19 statutory, or other legal obligation or right of any party to this **Protective** Order, as to
20 any third party, with respect to any Confidential Information. The fact that
21 Information is designated "Confidential" or "Highly Confidential – Attorneys' Eyes
22 Only" under this **Protective** Order shall not be deemed to be determinative of what a
23 trier of fact may determine to be confidential, proprietary, or of a trade secret nature.
24 This **Protective** Order shall be without prejudice to the right of any party to bring
25 before the Court the question of:
26     a.    whether any particular information is or is not Confidential
27     Information;
28

PROTECTIVE ORDER; CV 10-7568 – AHM (MANx)     13

   b.  whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

   c.  whether any particular information is or is not relevant to any issue in this case, provided that in doing so the party complies with the foregoing procedures.

21. The terms of the Protective Order **shall be** applicable to Confidential Information produced and appropriately designated by a non-party, and Confidential Information produced by a non-party connected with this litigation **shall be** protected by the remedies and relief provided by the Protective Order**, provided that the non-party agrees in writing to be bound by this Protective Order**.  To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

22. Unless otherwise ordered or agreed in writing, within one-hundred (100) days after final determination of this litigation, all information designated as Confidential Information, except documents, information**, or things that were filed with the Court or were** incorporated into attorney work-product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or destroyed by the receiving party, **which must provide** certification thereof to the producing party.  Final termination shall mean the exhaustion of all time periods for appeal following the entry of judgment or dismissal as to all parties and all claims.

23. Each person, **other than the Court and its personnel,** who receives "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material in accordance with any provision of this Protective Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

**24.** This Protective Order is without prejudice to the right of a party hereto to seek relief from the Court pursuant to the Local Rules of this district, upon good cause shown, from any of the provisions or restrictions provided herein. Any party hereto may at any time make a motion requesting that the Court modify this Protective Order to provide additional or different protection where it is deemed appropriate.

**25.** The treatment accorded Confidential Information under this Protective Order shall survive the termination of this action.

**26.** A violation of this Protective Order may be considered an act of contempt of this Court, subject to a determination by this Court that the requirements for such findings are satisfied.

**IT IS SO ORDERED**.

DATED: April 14, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Protective Order executed and entered in *Shamballa Jewels ApS v. Nialaya Jewelry, Inc. and Jannik Olander*, Case No. 10-7568 in the United States District Court for the Central District of California. I agree that I will not disclose any information received by me pursuant to this Protective Order, and I will comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

DATED:_____          _____
                                  Signature

                                  _____
                                  Name

                                  _____
                                  Present Employer

                                  _____
                                  Title/Occupation

                                  _____
                                  Street Address

                                  _____
                                  City            State        ZIP

                                  _____
                                  Telephone Number

**PROTECTIVE ORDER; CV 10-7568 – AHM (MANx)**          16